Citation Nr: 1703145 
Decision Date: 02/02/17 Archive Date: 02/15/17

DOCKET NO. 09-28 711 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUES

1. Entitlement to service connection for a respiratory disability, claimed as residuals of pneumonia.

2. Entitlement to higher initial ratings for ischemic heart disease and earlier effective dates for those ratings.


REPRESENTATION

Appellant represented by: John S. Berry, Attorney


ATTORNEY FOR THE BOARD

M. J. In, Counsel



INTRODUCTION

The Veteran served on active duty from May 1966 to April 1968.

This matter comes to the Board of Veterans' Appeals (Board) from rating decisions dated in May 2009 and August 2011 by the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska.

In May 2011 and February 2013, the Board remanded the claim of new and material evidence for a respiratory disorder for additional development.

An August 2011 RO rating decision granted service connection for ischemic heart disease with congestive heart failure, coronary artery disease, status post myocardial infarction, and coronary artery bypass graft surgery. The RO assigned a 10 percent rating from July 2, 1997, a 60 percent rating from April 14, 2005, and a 100 percent rating from August 12, 2011.

In November 2011, the Veteran submitted a notice of disagreement (NOD) with the effective date for service connection and the effective dates of the staged ratings. The RO issued a statement of the case (SOC) and the Veteran perfected his appeal in May 2012.

The case was again before the Board in June 2014, and January 2015 when it was remanded for additional development.

In October 2014, the Veteran was granted an initial effective date of service connection for ischemic heart disease of April 14, 1997.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

In its January 2015 remand, the Board found that an August 2014 VA examination was inadequate. The report indicated that the Veteran had a respiratory infection in service that may have resulted in scarring or he could have bronchiectasis and that a chest computed tomography (CT) was noted to be needed to assess the situation. The August 2014 VA examiner opined regarding the etiology of the Veteran's chronic obstructive pulmonary disease (COPD), given his significant smoking history that began at age 18, it is likely as not that his cigarette smoking history is the etiology for his COPD and not his military experience. However, the examiner also noted that "[the Veteran] had a substantial respiratory infection during his military experience and it is possible that this pneumonia episode contributes to his respiratory condition-it may have resulted in some scarring or he could have bronchiectasis and CT chest is needed to assess this. If he has bronchiectasis on his CT, then it would be as likely as not that his pneumonia episode in military contributed to respiratory condition." The Board therefore remanded the claim for another VA medical examination, to include all necessary testing, and for another medical opinion to be rendered. 

On remand, the Veteran was provided a VA examination in March 2016 and a supplemental medical opinion was obtained in April 2016. The March 2016 VA examiner provided an opinion that COPD and chronic bronchitis were due to the Veteran's "extensive, long term, chronic tobacco abuse." In the April 2016 addendum, the examiner responded that "[u]pon reviewing this case again, and according to the current medical literature, the cause of this [Veteran's] COPD/chronic bronchitis is his very longstanding tobacco abuse history. THIS is the supporting rationale for his pulmonary disease. The reasoning and rationale comes from the current medical literature, which shows us that many cases of COPD/chronic bronchitis come from a long tobacco use history. In this specific case, his COPD/chronic bronchitis is most likely coming from his many years of smoking. It is NOT a medical fact relating to each and every case of COPD/chronic bronchitis, but is the cause for the vast majority of cases. Therefore, this opinion is in relation to/consistent with the veteran's pulmonary disease. . . . Based on a review of CPRS, VBMS, his STR's, and all other medical records, to include a review of the current literature, this examiner could find no valid reasoning nor any event or incident from military service that would have caused his COPD/chronic bronchitis, because there was none that would support this relationship, based on a record review."

The March 2016 VA examiner's opinion is no different than that of the August 2014 VA medical opinion regarding the Veteran's COPD. However, although the record reflects that a chest CT was done in August 2014, it is not clear whether any scarring or bronchiectasis was found on CT. The report simply notes that there is no pleural effusion or pneumothorax. Consequently, the Board must remand this case for a supplemental medical opinion. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) (holding that the Board is prohibited from substituting its own medical judgment in place of the opinions of competent medical professionals).

Additionally, since the claims on appeal were last considered by the RO in an April 2016 Supplemental Statement of the Case, the Veteran submitted additional evidence in support of his claims in May 2016. The additional evidence consists of private treatment records from various medical providers, including Good Samaritan Hospital, Midlands Cardiology Group, St, Francis Medical Center, Franklin County Memorial Hospital, and Nebraska Heart Institute. The additional evidence is relevant to the issues being addressed in this appeal, and RO consideration of this additional evidence is not waived. Accordingly, the Board must return these matters to the RO for consideration of the additional evidence and issuance of a supplemental statement of the case. See 38 C.F.R. § 19.31 (2016).

Accordingly, the case is REMANDED for the following action:

1. Obtain all updated VA treatment records from the VA Medical Center (VAMC) in Omaha, Nebraska, and any associated outpatient clinics dated from March 2016 to the present. All records and/or responses received should be associated with the claims file.

2. Obtain a supplemental medical opinion from the VA examiner who conducted the March 2016 VA respiratory disorder examination, if available. If the March 2016 VA examiner is not available, forward the claims file to another individual with the appropriate expertise. The claims file should be made available to the examiner in conjunction with the examination. 

The examiner must provide an opinion as to whether any scarring or bronchiectasis was found on the August 2014 chest CT scan. If the examiner is not able to render the requested opinion based on a review of the claims file, afford the Veteran another VA respiratory examination, specifically including a CT scan.

A complete rationale must be provided for all opinions stated.

3. Thereafter, the RO must readjudicate the Veteran's claims on appeal, taking into consideration all newly acquired evidence. If any benefit sought on appeal remains denied, a Supplemental Statement of the Case must be provided to the Veteran, which must address all of the evidence of record since those issues were last adjudicated by the RO. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).